**IN THE COURT OF APPEALS OF IOWA**

No. 14-2080
Filed January 13, 2016

**KEITH PROVIN,**
        Plaintiff-Appellant,

**vs.**

**NICHOLAS JOHN TOMLONOVIC,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Johnson County, Sean W.

McPartland, Judge.


        A plaintiff appeals the district court's denial of his motion for a new trial

following a jury verdict in his lawsuit arising out of a motor vehicle accident.

**AFFIRMED.**



        James K. Weston II of Tom Riley Law Firm, Iowa City, for appellant.

        Bruce L. Walker of Phelan, Tucker, Mullen, Walker, Tucker & Gelman,

L.L.P., Iowa City, for appellee.


        Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Keith Provin sued Nicholas Tomlonovic for injuries sustained in an automobile collision. The case was tried to a jury, which returned a verdict finding Tomlonovic 100% at fault for the accident but also finding not all of Provin's medical complaints were related to the accident. Provin filed a motion for a new trial due to what he claimed was an inadequate and inconsistent jury verdict, as well as faulty jury instructions. Provin's motion was denied, and he now appeals. Because we agree with the district court there was sufficient evidence to support the jury's award, the verdicts can be harmonized and reconciled, and any error in the jury instructions was not prejudicial, we affirm.

**I. Background Facts and Proceedings.**

On August 28, 2009, Provin was driving a vehicle in the course and scope of his employment when he was struck from behind by Tomlonovic. On the day of the accident, Provin refused to be transported to the hospital by ambulance and was instead driven to the hospital by his wife, complaining of neck and back pain. Initial reports indicated a possible neck fracture necessitating an overnight stay for observation and possible surgery. Upon further inspection, the doctors determined his neck was not broken, and Provin was released from the hospital to follow up with doctors from various specialties.

While recovering, Provin developed groin pain and problems with urinary retention. He was referred to a urologist, who put him on medication and conducted various tests. Provin seemed to be improving as of late September 2009, when the doctor noted his pain had resolved and his urinary symptoms had lessened. However, by December 2009, the pain returned. After various

tests, the doctors could not find a cause for Provin's problems other than to conclude there may be some nerve damage. Provin was referred to a pain clinic to manage his symptoms.

Physical therapy was prescribed for the neck pain, and Provin began his treatment on September 9, 2009. During the course of the physical therapy, Provin sought clearance to take a pre-planned trip to Hawaii with his wife. The doctor treating his neck provided travel clearance, noting Provin was improving with conservative treatment, was doing well, and could gradually return to normal activities as tolerated over the next several weeks. At the time of discharge from physical therapy on October 30, 2009, the physical therapist noted Provin reported his neck was feeling better though he still had soreness at the end of the day. At that time Provin was using his elliptical machine at home and planned to continue with his home exercise program. Provin began experiencing neck pain again in January 2010 though no further treatment was provided except to instruct him to continue with his home exercises.

Provin testified he informed the emergency room physicians on the day of the accident that he was experiencing pain in his left shoulder, but no other reference to left shoulder pain is found in the medical records until October 2009, after Provin returned from his trip to Hawaii.[1] In late March 2010, Provin reported left shoulder pain to his treating physician, who recorded it as a "new symptom," and Provin was referred to physical therapy. In April, the physical therapist recorded that Provin reported his left shoulder started aching again two weeks

---

[1] However, in the physical therapy records from May 2010, the physical therapist stated Provin had complained of shoulder pain during therapy for the neck in September 2009.

ago and Provin did not know an explanation for the recurrent pain. After a few weeks of treatment for the shoulder, Provin reported to the physical therapist the sharp pain was largely resolved again with just a dull ache remaining. By May 2010, Provin reported his shoulder was feeling the best it had since he started treatment. Therapy was discontinued in June, but restarted in November 2010 when Provin reported continued pain in his shoulder. Ultimately, Provin was referred to James Nepola, M.D., for treatment for the shoulder, which culminated in arthroscopic surgery in May 2011. After the surgery, Provin continued physical therapy for pain in his left shoulder.

Provin's workers' compensation carrier paid over $100,000 in medical expenses and over $45,000 in indemnity payments for the accident. The lawsuit against Tomlonovic proceeded to trial in July 2014. Provin's treating doctors testified via video deposition, with the exception of his physical therapist, who testified in person. With respect to Provin's neck injury, Ernest Found, M.D., testified Provin had a whiplash injury to his neck, but Dr. Found could not connect the urinary symptoms and groin pain to the injury to the neck. With respect to the shoulder injury, Dr. Nepola testified he was willing to associate the shoulder pain to the motor vehicle accident because the records indicated Provin complained of shoulder pain to Dr. Found within six weeks of the accident. Finally, Chad Tracy, M.D., Provin's urologist, testified the groin pain was likely the result of nerve damage as no other abnormality was found on any exam or scan. Dr. Tracy also concluded Provin's urinary problems were the result of some neurologic insult caused by the motor vehicle accident.

The case was submitted to the jury on July 18, 2014. Tomlonovic admitted he was at fault for the accident and that the accident was the proximate cause of "some damage" to Provin's neck. So the jury was only to determine whether Provin was in any way at fault for his injuries and whether the left shoulder and groin/urinary symptoms were caused by the accident. During deliberations, the jury submitted a question to the court: "We would like a further definition of Instruction #17[2]—define 'total' fault. Can we find someone 100% at fault for one time period and another percentage for another time period." After consulting with the attorneys for both parties, the court responded to the jury: "We believe the answer to your question may be included in other instructions. Please carefully reread the instructions." The jury returned a verdict a short time later by answering special interrogatories, finding Tomlonovic was 100% at fault for the accident, concluding the accident caused injury to Provin's groin/urinary system, and determining the accident did not cause the left shoulder injury. The jury awarded Provin $13,016 in past medical expenses, $3400 in past pain and suffering, $7331 in past lost wages, and $1700 in past loss of body function, for a

---

[2] Jury instruction 17 provided:
> After you have compared the conduct of all the parties, if you find the Plaintiff, Keith Provin, was at fault and the Plaintiff's fault was more than 50% of the total fault, the Plaintiff, Keith Provin, cannot recover damages.
> However, if you find the Plaintiff's fault was 50% or less of the total fault, then I will reduce the total damages by the percentage of Plaintiff's fault.

In jury instruction 16, the jury was advised Tomlonovic contended Provin was at fault for failing to exercise ordinary care to obtain and follow reasonable medical treatment including following the doctor's recommendations to do physical therapy and a home exercise program. Provin objected to this instruction, contending there was no evidence in the record to support a finding he failed to mitigate his damages, but the court overruled the objection and gave the instruction.

total verdict of $25,447. The jury did not award any future damages. In addition, the jury concluded that the full amount of the verdict—$25,447—was already paid by another source and would need to be refunded to that source—the workers' compensation carrier.

Provin informed the court he believed the amount of the verdict was inadequate considering the jury found both the injuries to the neck and the groin/urinary system were caused by the collision. He also asserted the verdict was inconsistent because the jury refunded the entire award to the workers' compensation carrier when there was no evidence the carrier had compensated Provin for pain and suffering or loss of body function. Provin asked that the verdict be returned to the jury with instructions to reconsider the damages awarded. Tomlonovic resisted the motion asserting the jury should be discharged and any complaint about the verdict should be addressed in posttrial motions. The court declined to return the verdict to the jury for further deliberation and discharged the jury as the court concluded the jury had filled out the verdict form in a proper fashion.

Provin filed a motion for a new trial, again asserting his complaints regarding the inadequacy and inconsistency of the verdict. He also asserted the jury should not have been instructed that they could consider his failure to mitigate damages. Tomlonovic resisted the motion asserting the damages were adequate and consistent with the liability findings, but Tomlonovic did concede the verdict was inconsistent with respect to the repayment to the workers' compensation carrier for the pain and suffering and loss of body function. However, Tomlonovic asserted a new trial was not needed in order to rectify this

inconsistency because the court could use its discretion to order the carrier be reimbursed for only the amounts it paid—medical expenses and lost wages—and the remaining amounts be awarded to Provin.

The court denied the motion for a new trial, but it reformed the verdict to provide that Provin would receive the amounts awarded for pain and suffering and loss of body function, and the workers' compensation carrier would receive the remaining award. The court also concluded it would not speculate whether the failure to mitigate instruction had any impact on the verdict in light of the jury's finding that Provin was not at fault for his injuries.

Provin appeals the court's denial of his motion for a new trial.

## II. Scope and Standard of Review.

"We review the denial of a motion for new trial based on the grounds asserted in the motion." *Fry v. Blauvelt*, 818 N.W.2d 123, 128 (Iowa 2012). "To the extent the motion is based on a discretionary ground, we review it for an abuse of discretion. But if the motion is based on a legal question, our review is on error." *Pavone v. Kirke*, 801 N.W.2d 477, 496 (Iowa 2011) (citation and internal quotation marks omitted).

When the question raised is regarding an inconsistent verdict, whether the verdict is inconsistent is a question of law. *Id.* If the verdict is found to be inconsistent, then the trial court has some discretion in how to deal with the verdict. *Id.* "[A] verdict is not inconsistent if it can be harmonized in a reasonable manner consistent with the jury instructions and the evidence in the case, including fair inferences drawn from the evidence." *Id.* at 498.

When the question raised in the motion for a new trial is regarding the adequacy of the damages awarded by the jury, the district court is granted considerable discretion. *Fisher v. Davis*, 601 N.W.2d 54, 57 (Iowa 1999).

> [W]e will not ordinarily disturb its discretion to grant or deny the motion unless an abuse of discretion is shown. We are slower to interfere with the grant of a new trial than with its denial. Whether damages in a given case are adequate depends on the particular facts of the case. The test is whether the verdict fairly and reasonably compensates the party for the injury sustained.

*Id.* (citations omitted).

Finally, when the new trial motion asserts the court erred by providing certain instructions to the jury, we review the claim for legal error. *Rivera v. Woodward Res. Ctr.*, 865 N.W.2d 887, 891 (Iowa 2015). "Jury instructions must convey the applicable law in such a way that the jury has a clear understanding of the issues it must decide. Instructional errors do not merit reversal unless prejudice results." *Id.* at 892.

"Ultimately, we are reluctant to interfere with a jury verdict or the district court's consideration of a motion for new trial made in response to the verdict." *Fry*, 818 N.W.2d at 128.

## III. New Trial Motion.

Provin claims the court should have granted his motion for a new trial on a number of grounds. First he claims a new trial is warranted because the jury mistakenly awarded the entire amount of the verdict—$25,447—to be repaid to the workers' compensation carrier when there was no evidence to support the conclusion that the carrier had compensated him for pain and suffering or loss of body function. He next claims the new trial motion should have been granted

because the jury failed to award any damages for the groin/urinary symptoms that it had determined were caused by the accident. Finally, he claims a new trial should have been granted because the jury was asked to consider the comparative fault of Provin when there was insufficient evidence at trial to warrant the submission.

**A. Inconsistency with Subrogation Interest.** Normally, the first step in the analysis to determine if a new trial is warranted based on an inconsistent verdict is to determine if an inconsistency in the verdict exists. *Clinton Physical Therapy Servs., P.C. v. John Deere Health Care, Inc.*, 714 N.W.2d 603, 613 (Iowa 2006). However, in this case, at the district court level and on appeal, Tomlonovic concedes that the verdict was inconsistent because it directed the entire verdict to be repaid to the workers' compensation carrier. Thus, the question we must address is whether the court abused its discretion in reforming the verdict instead of ordering a new trial. *See Pavone*, 801 N.W.2d at 496.

> A court may reform a verdict by correcting a mistake. We recognize that "verdicts are to be liberally construed to give effect to the intention of the jury and to harmonize verdicts if it is possible to do so." However, this power is very limited and only permits the court to correct mistakes or errors in the verdict that are technical or ministerial in nature. A judge cannot exercise the power to substitute its judgment for the judgment of the jury.

*Clinton Physical Therapy*, 714 N.W.2d at 614. The jury in this case detailed the amount to be awarded in each category of damages:

1. Past medical expenses      $13,016
2. Future medical expenses      $ 0
3. Past pain and suffering      $ 3400
4. Future pain and suffering      $ 0
5. Past lost wages      $ 7331
6. Future loss of earning capacity      $ 0
7. Past loss of body function      $ 1700

8.  Future loss of body function       $     0
TOTAL (add the separate items of damage)    <u>$25,447</u>

It then answered in the affirmative that some amount of Provin's damages had been paid by another source and will need to be refunded to that source. Next, the jury entered the amount $25,447 in response to a question regarding what amount already paid should be refunded. There was no evidence the workers' compensation carrier had compensated Provin for pain and suffering or loss of body function. But because the jury had detailed the amount awarded in each category, the court concluded the amounts for pain and suffering and loss of body function could be easily removed from the amount to be refunded and a substituted judgment entered.

Provin contends the verdict could be interpreted to mean the jury wanted to award $25,447 in economic damages, and because it cannot be determined what the jury intended, a new trial must be granted. He claims the changes to the verdict made by the district court exceeded the court's limited powers to reform the verdict. We disagree. We conclude the court was well within its discretion to correct a mistake made by the jury—that pain and suffering and loss of body function had been compensated by the workers' compensation carrier. The inconsistency between the itemization of damages and the refunding of the workers' compensation carrier's subrogation claim could be easily corrected to harmonize the verdict by simple arithmetic, and we conclude the substituted verdict entered by the court was consistent with the jury's allocation of damages. We find no abuse of discretion.

**B. Inconsistency and Inadequacy Between Causation Finding and Damages Awarded.** Next, Provin asserts the verdict is inconsistent because while the jury found the groin/urinary system injury was caused by the accident, the total amount of medical expenses awarded did not include consideration for the treatment of this injury. He asserts the verdict's total amount is inadequate. Provin points out that Tomlonovic conceded responsibility for Provin's neck injury and suggested to the jury during closing arguments that awarding medical expenses of approximately $13,500 would be appropriate.[3] Because this is remarkably similar to the $13,016 awarded by the jury for medical expenses, Provin contends the jury failed to award medical expenses for the groin/urinary system injury.

Provin did not ask that the jury itemize its damages figures with respect to each injury it found caused by the accident. The jury simply found undesignated medical expenses of $13,016. As the district court declined "to speculate or to jump to the conclusion that the jury did not award the damage amounts for urologic issues or groin pain," so do we. While Provin compares the amount awarded by the jury to the figure vaguely referenced by defense counsel during closing argument, any attempt to discern how the jury arrived at its medical expense figure or how the groin injury factored into the total amount awarded would be pure speculation. *See id.* (noting the court may not engage in

---

[3] Defense counsel's closing argument stated he did not know the amount of medical expenses associated with the treatment of the neck injury but suggested "around $2500. I could be wrong. I really don't know where you're going to get to on this, but that's completely up to you." He then went on to address the emergency room costs to say, "It's over $11,000, but we've got to concede that's the right thing to do under the circumstances, at least until they ruled out fracture or instability."

speculation, even logical speculation, when interpreting a jury's verdict).  It is only when the amount of the verdict "bears no reasonable relationship to the loss suffered," that the verdict is inadequate.  *Pexa v. Auto Owners Ins. Co.*, 686 N.W.2d 150, 162 (Iowa 2004).  Such is not the case here.  There was evidence indicating Provin recovered from both his neck and groin injuries within weeks of the accident based on physical therapy and medication.  We find the court did not abuse its discretion in failing to grant a new trial based on Provin's claim that the total verdict was inadequate or inconsistent with its liability findings.

**C. Failure-to-Mitigate Jury Instruction.**  Finally, Provin asserts he is entitled to a new trial because the court's comparative fault jury instruction was not supported by the evidence.  He concludes the jury's question regarding whether they could find fault at various periods of time indicated it was confused by the instructions, and he asserts the jury likely resolved its confusion by reducing the verdict even though it found Tomlonovic was 100% at fault.

Provin is once again engaging in speculation regarding how the jury reached its verdict, and such speculation will not justify a new trial.  *Clinton Physical Therapy*, 714 N.W.2d at 614.  With the consent of counsel, the jury was instructed to reread the instructions in response to the question it submitted about the allocation of fault.  The instructions accurately recited the law with respect to failure to mitigate damages.  We see no basis to conclude the jury disregarded the instructions and reduced the damage award in response to some finding of fault on Provin's part.  The jury clearly concluded Tomlonovic was 100% at fault for the accident.

When requested by a party, a jury instruction is to be given if it "(1) correctly states the law, (2) has application to the case, and (3) is not stated elsewhere in the instructions." *Weyerhaeuser Co. v. Thermogas Co.*, 620 N.W.2d 819, 823 (Iowa 2000). However, "[a]n error in giving an instruction does not warrant reversal unless the error is prejudicial to a party." *Asher v. OB-Gyn Specialists*, *P.C.*, 846 N.W.2d 492, 496 (Iowa 2014). The test for prejudice is "whether it sufficiently appears that the rights of the complaining party have been injuriously affected or that the party has suffered a miscarriage of justice." *Id.* The jury found Provin was not at fault for his injuries. Thus, the error, if any, in giving the comparative fault instruction was not prejudicial to Provin and does not justify an award of a new trial.

## IV. Conclusion.

We conclude the court did not abuse its discretion in reforming the jury's verdict to refund the appropriate amount to the workers' compensation carrier. We likewise conclude the verdict was not inconsistent or inadequate with respect to the total damage figure awarded to Provin for his injuries. Finally, we agree with the district court that any error in instructing the jury regarding Tomlonovic's claim that Provin failed to mitigate the damages was not prejudicial to Provin in light of the jury's conclusion Tomlonovic was 100% at fault. We affirm the district court's denial of Provin's posttrial motion.

**AFFIRMED.**